FILED
08/21/2024
*Peg L. Allison*
CLERK
Flathead County District Court
STATE OF MONTANA
By: Amanda Hess
DV-15-2024-0001219-BC
Allison, Robert B
1.00

J. Bart Denham
250 W. Main St., Ste. 120
Lexington, Kentucky 40503
Telephone:   859-900-2278
Email: Bart@denham.law
*Attorney for Plaintiffs*

### MONTANA ELEVENTH JUDICIAL DISTRICT COURT, FLATHEAD COUNTY

| | | |
|---|---|---|
| NOREEN CADY and DEANE CADY | ) ) ) ) | Cause No._____ Dept._____ |
| vs. | ) ) ) | |
| STATE FARM FIRE AND CASUALTY COMPANY | ) ) ) ) | **COMPLAINT AND JURY DEMAND** |
| Defendant. | ) ) ) | |

Comes now Plaintiffs, Noreen Cady and Deane Cady, by counsel, and for their Complaint against Defendant, State Farm Fire and Casualty Company, hereby states as follows:

#### JURISDICTION AND VENUE

1.      Venue is proper and this Court has subject matter jurisdiction over this action as the acts alleged herein arose from events that occurred in Flathead County, Montana, and the damages sought are in excess of the jurisdictional requirement of this Court.

2.      Plaintiffs, at all times relevant to this Complaint, owned property located at 523 Premble Dr, Columbia Falls, MT 59912 ("Property").

3.      At all times relevant and material hereto, Defendant, State Farm Fire and Casualty Company, was a foreign corporation licensed under the laws of Montana to issue insurance policies

to customers in Montana and was engaged in the business of providing insurance policies to property owners in Flathead County, Montana.

## GENERAL ALLEGATIONS

4.      Plaintiffs are the owners of the Property which is located in Flathead County, Montana.

5.      Plaintiffs maintained a property insurance policy with State Farm Fire and Casualty Company for the relevant period, under policy number 26-BM-G547-7 ("Policy").

6.      On or about July 7, 2022, Plaintiffs suffered covered damage to the Property due to a severe wind and hail event.

7.      Plaintiffs duly reported the loss to Defendant, to which it assigned claim number 26-40L0-70G.

8.      Defendant refused to investigate the claim, or consider experts retained by Plaintiffs.

9.      Defendant denied the full number of benefits owed to Plaintiffs.

10.     Defendant wrongfully denied Plaintiffs' claim and misrepresented facts about the loss and Policy.

11.     All conditions precedent to obtaining coverage for the loss have been complied with, met, or waived.

12.     Plaintiffs sent Defendant a time limited Demand pursuant to MCA § 33-18-251.

13.     Defendant still failed to pay the amount due under the policy to restore the Property to its pre-loss condition.

14.     As a result of Defendant's refusal to honor its obligations under the Policy, its blatant bad faith conduct, MCA § 33-18-201, § 33-18-232, and § 33-18-251, Plaintiffs have

retained the services of the undersigned attorney and is obligated to pay a reasonable fee for his services.

## COUNT I: BREACH OF CONTRACT

15.    Plaintiffs repeat, re-allege, and reassert each and every allegation contained within the preceding paragraphs as though set forth fully herein.

16.    Plaintiffs and Defendant are parties to a valid and binding contract of insurance, which requires Defendant to provide benefits to Plaintiffs in the event of a covered loss under the Policy.

17.    On information and belief, Plaintiffs have suffered a covered loss under the Policy.

18.    Defendant failed to pay any of the benefits due under the Policy.

19.    Plaintiffs have been damaged by Defendant's breach of contract.

20.    Plaintiffs are entitled to compensation for Defendant's breach of the insurance contract.

## COUNT II: VIOLATION OF MCA SECTION 33-18-201

21.    Plaintiffs repeat, re-allege, and reassert each and every allegation contained within the preceding paragraphs as though set forth fully herein.

22.    Defendant imposed upon itself a duty to comply with MCA § 33-18-201 when it entered into the contract of insurance with Plaintiffs.

23.    Defendant misrepresented pertinent facts or insurance policy provisions relating to coverages at issue.

24.    Defendant failed to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed.

25.     Defendant's lack of proper investigation and improper denial of the remaining benefits owed to Plaintiffs under the Policy, without a reasonable basis in law or fact, constitutes a violation of MCA 33-18-201.

26.     Defendant's continued denial of benefits which are clearly owed to Plaintiffs exhibits dishonesty or conscious wrongdoing.

27.     As a direct and proximate result of Defendant's continued denial of the remaining benefits due to Plaintiffs under the Policy, Defendant has caused and will continue to cause Plaintiffs compensatory and consequential damages.

28.     Defendant violated the following provisions of the MCA § 33-18-201which was enacted for the benefit and protection of persons such as Plaintiffs herein and which expressly forbids an insurer to do any of the following:

1. Misinterpreted pertinent facts or insurance policy provisions relating to coverages at issue;
4. Failed to adopt and implement reasonable standards for the prompt investigation of Plaintiffs' claim arising under the Policy;
5. Refused to pay the full amount owed from the claim without conducting a reasonable investigation based upon all available information;
6. Fail to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;
9. Neglected to attempt in good faith to effectuate prompt, fair, and equitable settlements of Plaintiffs' claim, in which liability has become reasonably clear;
13. Fail to promptly settle claims, if liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage;

29.     Plaintiffs have suffered damages as a result of Defendant's unlawful conduct.

30.     Plaintiffs are thereby prejudiced.

4

31.    Defendant thereby gained an advantage over Plaintiffs by retaining benefits owed to Plaintiffs.

**WHEREFORE**, Plaintiffs, Noreen Cady and Deane Cady, demands judgement against Defendant, State Farm Fire and Casualty Company:

1. The full benefits due under the insurance contract;

2. Compensatory damages, i.e. special and general damages for the distress and aggravation caused by Defendant's conduct and claims handling practices in refusing to pay full benefits;

3. Punitive and exemplary damages in a sum which will be proved at trial;

4. Interest on all benefits which Defendant refused to pay and on all other damages awarded in this action;

5. Reasonable attorneys' fees incurred to establish their entitlement to benefits as alleged herein;

6. Costs of suit herein expended;

7. For pre-judgment interest pursuant to Mont. Code Ann. §33-18-232;

8. Any and all other relief to which this Court may deem Plaintiffs entitled.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a jury trial as to all issues properly triable before a jury.

Date: August 21, 2024                              Respectfully submitted,

*/s/ J. Bart Denham*
_____
Denham Property and Injury Law Firm
J. Bart Denham
250 W. Main St., Suite 120
Lexington, Kentucky 40507
Telephone: 859-900-2278
Email: Bart@Denham.Law

5

Email: Service@Denham.Law
COUNSEL FOR PLAINTIFFS